## Hicks et al. v. Domonkos.

December 19, 1947.

J. S. Forester, Judge.

Edward L. Morgan for appellants.

F. M. Jones for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, Willie Domonkos, filed this action in the Harlan circuit court on August 19, 1946, against appellant, Mary H. Hicks, his sister, and her husband, William H. Hicks, in which he sought to recover judgment against them for $1,190, which he alleged he remitted to them in the form of monthly allotment checks of $35 each from his compensation as a soldier in recent world war No. 2. He joined the army in the early part of 1942, and was discharged in October, 1945.

Each of the defendants filed separate answers, identical in form and consisting of only a general denial of the averments of the petition. Neither of them pleaded any set-off, payment or other defense than their general denial. The jury empaneled to try the case returned a verdict in favor of appellee against each defendant for the sum of $550. Their motion for a new trial was overruled and from the judgment pronounced on the verdict they prosecute this appeal.

Mrs. Hicks admitted in her testimony—though denied by her answer—that she owed her brother the amount of the judgment, it being the unpaid balance of a settlement (see post) made after appellee's return from the war, growing out of a dispute of the amount due him from the total sum of his remittances. The testimony took somewhat of a wide range departing in some instances from the limited issues made by the general denials. It was claimed by appellee's sister that they, in many months, were much smaller than $35, as claimed by appellee, and she further insisted that the amount so allotted to her was because of her relationship to her brother and as a gift, although neither defendant was a dependent upon him.

Defendant, William H. Hicks, testified that he was in no way concerned or connected with the matters in controversy which he insisted was altogether between his wife and her brother, the appellee; whilst appellee testified that the remittances by him were to each of the defendants to be held by them for preservation and to be returned to him after his discharge from the army, if he survived, but if he died, then to his estate. His contention in that respect was corroborated by several witnesses who testified that Mrs. Hicks, while her brother was in the war, stated and admitted to them that the money was held, as stated by appellee both in his petition and in his testimony, and that the agreement was that the total amount of the remittances were to be paid to her brother after his discharge from the army.

There was filed in the case two exhibits, one being a receipt for $50 as a credit on the amount of an agreed settlement, which was $600, and the other a duly executed, acknowledged and recorded instrument between

defendant, William H. Hicks, and appellee, dated October 10, 1945, in which it is recited that on that date W. H. Hicks, for the consideration of $700, sold to appellee "twenty-six head of hogs now in the possession of said seller at his premises in Cumberland, Harlan County, Kentucky." It is also stipulated therein that: "It is further agreed between the parties hereto, that said sum of $700.00 be applied on the debt owing by said William H. Hicks to Willie Domonkos, which is in the sum of $1020.00. Thus leaving a balance due said Willie Domonkos in the sum of $320.00."

Neither that document, nor any testimony in the case discloses how or for what the indebtedness of Hicks to appellee of $1,020, therein recited, was created and it might well be inferred from the entire testimony that such indebtedness was the balance due appellee after crediting the total sum remitted by him with some small amounts claimed to have been paid to him, or for his use and benefit. Furthermore, according to appellee's testimony, which is not denied, William H. Hicks failed to comply with the written agreement to sell to appellee the 26 hogs he had agreed to by refusing to deliver them to appellee upon demand, stating that he would kill any one who attempted to take possession of them, whereby the consideration for that document was never performed by W. H. Hicks who executed it.

It is also significant that Mrs. Hicks testified that the total amount she received from her brother was $1,060, whilst her husband stated in his above sales contract that the debt he owed to appellee at that time was $1,020, only $40 less than the amount which Mrs. Hicks testified was remitted by her brother, which difference might be accounted for because of some expenditure for the benefit of appellee.

Appellant, William H. Hicks, stated in his testimony that he advised his wife to make the best settlement with her brother that she could obtain. She did so and agreed to pay him $600, which he consented to accept in full settlement of all disputed matters and was paid $50 at the time, leaving a balance due of $550. With the testimony in the condition we have described, the jury could scarcely return any other verdict than

the one they did against each of the defendants. We find no error authorizing a reversal of the judgment.

Wherefore, it is affirmed.